OPINION
Defendant-appellant Gregg Kreager appeals the January 6, 1999 Judgment Entry of the Licking County Municipal Court which denied his "nine branch motion." Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On October 30, 1998, appellant was parked on State Route 13 in the City of Newark, Ohio, at approximately 12:21 a.m. Appellant had spotted his girlfriend in the parking lot of a convenience store and was attempting to carry on a conversation with her from his car. At that time, Deputies Sparks and Jones of the Licking County Sheriff's Office, while driving on State Route 13, pulled up behind appellant's stopped vehicle. The deputies did not initiate a traffic stop, but when appellant saw the cruiser, he pulled his vehicle into the parking lot of the convenience store. The deputies followed appellant into the parking lot and approached the vehicle to see if anything was wrong. Appellant advised the officers everything was fine. Appellant's manner prompted the officers to ask appellant if he had been drinking, and appellant responded that he had. The deputies called for assistance, and a qualified officer performed field sobriety tests. After failing the tests, appellant was placed under arrest and taken to the police station where he submitted to a breath test. The results of the test indicated appellant had a blood alcohol content of .157. On October 30, 1998, appellant was charged with one count of DWI, in violation of R.C. 4511.19, one count of driving under suspension in violation of R.C. 4507.02, one count of failure to wear a seatbelt in violation of R.C. 4513.263(A), and one count of prohibited parking on a roadway, in violation of R.C. 4511.66. Appellant was released on a recognizance bond. On November 2, 1998, appellant filed his demand for discovery. At the November 4, 1998 arraignment, appellant pled not guilty to all charges. On December 18, 1998, appellee filed its response to defendant's request for discovery. On December 22, 1998, appellant filed a "nine branch motion." Among other things, this motion requested the suppression of all evidence. In a January 6, 1999 Judgment Entry, the trial court granted branch one but denied the remaining branches. On January 11, 1999, appellant filed a motion to reconsider. This motion to reconsider was denied in a January 20, 1999 Judgment Entry. On March 11, 1999, appellant again moved the court to reconsider the December 22, 1998 nine branch motion and to conduct an oral record hearing prior to the trial. In a March 17, 1999 Judgment Entry, the trial court denied appellant's second motion to reconsider. On April 22, 1999, appellant withdrew his pleas of not guilty and entered pleas of no contest on the driving while intoxicated and driving under suspension charges. The trial court dismissed the remaining two charges. In an April 22, 1999 Judgment Entry, the trial court sentenced appellant to 180 days in jail with 170 days of the jail sentence suspended, a three year period of probation, and a $300 fine for the driving while intoxicated charge. On the driving under suspension charge, the trial court sentenced appellant to ninety-days in jail, with all ninety-days suspended, and a $250 fine. On April 22, 1999, appellant filed his notice of appeal and motion to stay execution of the judgment pending the outcome of appeal. In an April 27, 1999 Judgment Entry, the trial court granted the stay of execution of judgment pending the appeal and released appellant on his own recognizance. Although the docketing statement filed with this Court neither attaches the judgment entry being appealed, nor sets forth the appropriate date for the judgment entry appealed, we glean from the assignments of error appellant appeals the January 6, 1999 Judgment Entry of the Licking County Municipal Court which denied his nine branch motion:
I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED 12/22/98.
II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED JANUARY 11, 1999.
III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FILED MARCH 11, 1999.
 I, II III
In his assignments of error, appellant argues the trial court abused its discretion by denying appellant's nine branch motion, and denying appellant's two motions to reconsider that same motion. We disagree. Crim.R. 12(C) provides in pertinent part: (C) Motion date All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
Crim.R. 16 provides:
(A) Demand for discovery Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.
(Emphasis added).
Appellant was arraigned November 4, 1998. Accordingly, appellant had thirty-five days from November 4, 1998, or seven days before trial, whichever was earlier, in which to file a pretrial motion. Thirty-five days after arraignment would have been December 9, 1998. The trial was set for January 21, 1999, and therefore, seven days before trial would have been January 14, 1999. Because December 9, 1998, was earlier, appellant was required, pursuant to Crim.R. 12(C), to file any pretrial motions by December 9, 1998. Appellant's nine branch motion was filed December 22, 1998. In its January 6, 1999 Judgment Entry, the trial court denied the second, third and seventh branches (the branches dealing with the motion to suppress) because the motion was untimely filed. The remaining branches were denied because the matters were irrelevant or failed to comply with discovery procedures. The trial court conducted a meticulous review of the nine branches. We agree with the trial court's disposition of branches four, five, six, eight and nine for the reasons stated by the trial court in its January 6, 1999 which we hereby incorporate by reference. As to branches, two, three, and seven, we find no abuse of discretion in the trial court's denial of this pretrial motion where appellant's motion was untimely filed. Appellant made no motion for an enlargement of time in which to file a motion to suppress within the time period prescribed by Crim.R. 12 or Crim.R. 16. The trial court did not abuse its discretion in finding appellant's motion to be untimely filed. Each of appellant's assignments of error are overruled.
The judgment entries of the Licking County Municipal Court are hereby affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concurs